UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:22-cv-80725-AMC

ROY M. BURKE, *on behalf of himself and others similarly situated*,

      Plaintiff,

v.

MARINOSCI LAW GROUP, P.C., P.A.,

      Defendant.

_____/

**DEFENDANT, MARINOSCI LAW GROUP, P.C., P.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW, Defendant, MARINOSCI LAW GROUP, P.C., P.A. ("Defendant" or "MLG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, ROY M. BURKE's Class Action Complaint, [DE 1-2], and states the following:

**JURISDICTION AND VENUE**

1. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof.

2. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA").

Otherwise denied; Defendant MLG demands strict proof thereof.  Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

3. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof.  Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

4. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof.  Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

5. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof.  Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the

Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

6. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof. Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

7. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof. Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

8. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof. Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

9. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof. Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

10. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practice Acts ("FCCPA"). Otherwise denied; Defendant MLG demands strict proof thereof. Defendant MLG asserts that the provisions of the FDCPA are self-evident. Defendant MLG alleges that it is not liable to the Plaintiff under the provisions of the FDCPA and/or FCCPA for any of its actions or communications with the Plaintiff.

**PARTIES**

11. Admitted for purpose of jurisdiction and venue only; otherwise denied.

12. Admitted.

13. Defendant alleges that at this time, it is unknown as to whether the underlying debt obligation means the definition of 'consumer debt' under the FDCPA and/or FCCPA. Therefore, the paragraph is denied at this time.

14. Admitted.

15. Admitted to the extent that Defendant is a law firm licensed to practice law in the State of Florida. Otherwise, denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted that Defendant complied with Section 1692e(11) in its communication with the Plaintiff as required by the FDCPA.

20. Admitted.

21. Admitted for purposes of jurisdiction and venue; otherwise denied.

22. Admitted for purposes of venue only; otherwise denied.

## FACTUAL ALLEGATIONS

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.

28. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.

29. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the

FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.

30. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.

## CLASS ALLEGATIONS

31. Denied; Defendant demands strict proof thereof.

32. Admitted.

33. Denied; Defendant demands strict proof thereof.

34. Denied; Defendant demands strict proof thereof.

35. Denied; Defendant demands strict proof thereof.

36. Denied; Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

45. Denied; Defendant demands strict proof thereof.

## **Count I: FDCPA**
## **15 U.S.C. Section 1692g**

46.   Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–45.

47.   Admitted to the extent that the provisions of the FDCPA, Section 1692g, are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

48.   Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied. Otherwise, denied.

49.   Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

50.   Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

51.   Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model

Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

52. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

53. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

54. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor. Otherwise, denied.

55. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied. Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident. Defendant denies that

the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.  Otherwise, denied.

56. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.  Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.  Otherwise, denied.

57. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.  Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.  Otherwise, denied.

58. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.  Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical

or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.  Otherwise, denied.

59. Admitted to the extent that the provisions of the Regulation F, particularly, Section 1006.1(a) are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.  Admitted to the extent that the content and context of the attached Model Validation Letter is self-evident.  Defendant denies that the content of this correspondence violates the FDCPA or Regulation as the document is identical or substantially similar to the approved Model Validation Notice authorized by the CFPB and is entitled to Regulation F's safe harbor.  Otherwise, denied.

60. Denied. Defendant denies strict proof thereof.

61. Denied. Defendant denies strict proof thereof.

62. Denied. Defendant denies strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that Defendant is entitled to the 'safe harbor' provision provided by Regulation as it relates to the use of the standard Model Validation Notice.

**Fifth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

WHEREFORE, Defendant, MARINOSCI LAW GROUP, P.C., P.A., request that this Court dismiss Plaintiff's Complaint, and that Defendant MARINOSCI LAW GROUP, P.C., P.A., be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **16th day of May 2022.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Marinosci Law Group, P.C., P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **May 16, 2022,** with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: James L. Davidson, Esquire at *jdavidson@gdrlawfirm.com*; Jesse S. Johnson, Esquire at *jjohnson@gdrlawfirm.com* of Greenwald, Davidson Radbil, PLLC, and Matisyahu H. Abarbanel at *Matis@Fight13.com* and Matthew Bavaro, Esquire at *Matthew@Fight13.com* of Loan Lawyers *(Attorneys for Plaintiff)*.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Marinosci Law Group, P.C., P.A.*